EMANUEL NUGENT v. JOSEPH F. NUGENT.

*Implied assumpsit.*

A referee's finding that plaintiff lent a certain sum of money to the defendant with the expectation that defendant would repay him, and that defendant is bound to make payment, implies an *assumpsit* and will support a judgment even though he does not find in express terms that defendant undertook to pay the plaintiff the money.

Error to Kent. Submitted April 12. Decided June 7.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Taggart & Wolcott* for appellant, cited cases of implied assumpsit: *Ward v. Warner* 8 Mich. 518; *Child v. Pierce* 37 Mich. 155; *Woods v. Ayres* 39 Mich. 349; *Lange v. Kaiser* 34 Mich. 317; *Hunt v. Sackett* 31 Mich. 22; *Osgood v. Dewey* 13 Johns. 239; *Dwight v. Cutler* 3 Mich. 566; *James v. Bixby* 11 Mass. 36; *Stange v. Wilson* 17 Mich. 342; see also 2 Pars. Cont. § 551; Chitty on Cont. 18, 24.

*James Nugent* and *John McNamara* for appellee.

GRAVES, C. J.   This case was heard by a referee, who reported that the plaintiff ought to recover two items; one of $40 and one of $100, with interest at seven per cent. from June 7, 1880.   On exception by defendant the court disallowed the last but gave judgment for the first.

The exclusion of the item of $100 and interest was made because the circuit judge was of opinion that the findings of the referee expressed no undertaking to pay it.   We think the court mistook the legal sense of the finding.   True the referee has not stated in so many words that the defendant undertook to pay the plaintiff this money.   But the meaning and effect are not doubtful.   He finds distinctly that the plaintiff *lent* the money to the defendant and did so with the expectation that the defendant would repay him, and that the defendant is bound to make payment.   The whole finding must be considered and it imports on the face of it a legal obligation from the defendant to the plaintiff and involves an *assumpsit.   Victors v. Davies* 12 M. & W. 758.   Nothing remained which the law is not ready to supply.

The judgment must be reversed and one entered here in favor of the plaintiff for $140, with interest from June 7, 1880.   The plaintiff will also recover his costs of both courts.

The other Justices concurred.